**Rickey Thomas SEBO, an individual, Plaintiff–Appellant,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, the Insurer & Claims Review Fiduciary, Defendant–Appellee.**

No. 00–55765.

D.C. No. CV–99–10770–HLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2001.

Decided Nov. 1, 2001.

Before B. FLETCHER, D.W. NELSON, and MCKEOWN, Circuit Judges.

### MEMORANDUM*

Appellant (Sebo) appeals from a judgment of the district court in favor of Appellee (Metropolitan). The judgment upheld Metropolitan's termination of benefits under Metropolitan's long term disability plan (the Plan), which is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et. seq. (ERISA). We have jurisdiction pursuant to 28 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1291. We affirm the judgment of the district court.

We review *de novo* the district court's choice of the standard of review, and its application of that standard to decisions by fiduciaries in the ERISA context. *Taft v. Equitable Life Assurance Soc'y,* 9 F.3d 1469, 1471 (9th Cir.1993). Where an ERISA plan confers discretion on the administrator to determine eligibility for benefits, the district court ordinarily reviews the administrator's determinations for abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). When a plan administrator pays claims out of its own assets, the affected beneficiary is given the opportunity to produce material probative evidence tending to show that the fiduciary's self interest caused a breach of duty to the beneficiary. *Atwood v. Newmont Gold Co.,* 45 F.3d 1317, 1322–23 (9th Cir.1995). If the beneficiary produces such evidence and the plan fails to rebut the evidence, the decision of the fiduciary to deny or terminate benefits is reviewed *de novo. Atwood,* 45 F.3d at 1323.

We agree with the district court's determination that Sebo did not come forward with material probative evidence showing that Metropolitan breached its fiduciary obligations, and we therefore review Metropolitan's decision for abuse of discretion.

Although an ERISA administrator is entitled to substantial deference, it still must have some reasonable basis for its decision denying benefits. *Zavora v. Paul Revere Life Ins. Co.,* 145 F.3d 1118, 1123 (9th Cir.1998). However, "even decisions directly contrary to evidence in the record do not necessarily amount to an abuse of discretion." *Taft,* 9 F.3d at 1473.

Under the abuse of discretion standard, we conclude that Metropolitan did not misapply the Plan definitions of disability.

Nor did it abuse its discretion in preferring the opinions of two physicians, who opined that Mr. Sebo was not disabled from any occupation, over the opinion of another physician who opined that he was.

The judgment of the district court is AFFIRMED.